Joseph **HOFFNER**, Robert Parish, Henry Leubbert and Vernon Lanneman, constituting the Board of Managers of Hazelcrest Condominium I & II, Plaintiffs-Respondents,

v.

Charles Lee **STRONG**, Defendant-Appellant.

No. 47190.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 14, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1984.

Application to Transfer Denied Nov. 20, 1984.

Morris E. Stokes, Hannegan, Knight, Stokes, Schoeneberg & Weber, P.C., St. Charles, for defendant-appellant.

Julius Berg, Clayton, for plaintiffs-respondents.

SIMON, Judge.

Joseph Hoffner, Robert Parish, Henry Leubbert and Vernon Lanneman (respondents) are the duly elected members of the Board of Managers of the Hazelcrest Condominium I & II (Board), a condominium development located in St. Louis County, comprising 498 units with approximately 1,500 residents. Respondents instituted an action to enjoin Charles L. Strong (Strong), appellant, an owner and resident of a three-bedroom unit in the Hazelcrest development, from permitting a "non-family" person to live in his condominium and to compel Strong to remove roof vents from said condominium. The Circuit Court of St. Louis County granted the relief sought in both counts.

The trial court found that pursuant to Article 13, Section 13.5 of the Hazelcrest Condominium I & II Declaration, Strong, by his acceptance to the deed to his condominium, was bound by the rules promulgated in the Declaration. Article 6, Paragraph 6.1 of the Declaration provides, in part, that "... [e]ach unit shall be used as a residence for a single family and for no other purpose."

In 1970, Strong and Charles Maples purchased the unit from the successor in bankruptcy of the complex's original developer. The two men lived there until Strong bought Maples' interest in the unit about two and a half years later. Strong admitted that since 1972, and until the trial, seven other men, not related to him by blood or marriage, also resided with him in his condominium for varying lengths of time. These seven individuals paid rent weekly for their partial occupancy of the fully furnished condominium, as well as the free run of the house, including use of the

kitchen and the right to entertain friends. Strong presented evidence that a past president of the Board of Managers, Bill Brask, lived two doors away and that Larry Wilkerson, current president of the Board of Managers, attended a card party in Strong's condominium in the presence of two of Strong's boarders. Otherwise, there was no evidence presented showing that Brask or Wilkerson had knowledge of the living arrangements in the condominium.

Additionally, the action sought to compel Strong to remove the roof vents which he had installed. Article 6, Section 6.11 of the Hazelcrest Condominium I & II Declaration provides that, "Nothing shall be altered or constructed in or removed from the common elements, except upon a written consent of the Board of Managers." The trial court held that the roof of the condominium was part of the "common elements," and, before the vents were installed, Strong should have received the written consent of the Board.

Strong had attempted to obtain the consent of the Board when he asked Larry Wilkerson to raise the subject at the next meeting of the Board. However, before consent was granted by the Board, Strong had the vents installed, some two to four weeks after his conversation with Mr. Wilkerson. Furthermore, the Board contends the vents were installed on the wrong side of the roof so that they could be seen from the front of the condominium, contrary to the design plan of the other condominiums in the development.

Aside from the roof vents he had installed, Strong claims that there were numerous unauthorized alterations of the common elements throughout the condominium community. Wilkerson testified that most of the examples cited by Strong were conditions which were part of the original construction of the development and not subsequent alterations. The remaining cited examples were in the process of being corrected, according to Wilkerson.

On appeal, Strong contends the trial court erred: (1) in its definition of "family;" and (2) in granting injunctive relief because (A) respondents are guilty of laches; (B) respondents are estopped from relying on a more restrictive definition of "family." We affirm.

The trial court's judgment shall be affirmed if it is supported by substantial evidence; it is not against the weight of the evidence, and the trial court correctly declared or applied the law. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32 [1-3] (Mo. banc 1976). We find that the judgment is supported by substantial evidence and no erroneous declaration or application of the law has occurred. An extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.